## Jabez H. Jackson and others v. Joseph H. Cleveland and others.

*Voluntary deed: Resulting trust, when not created.* A husband and wife being about to separate, certain property was, at the husband's instance, (in order to avoid questions of dower,) conveyed to a third person by a deed in fee simple, absolute in form, and purporting to be upon a valuable consideration. *Held,* that the absence of consideration in fact was not sufficient without fraud, mistake or contrivance, to raise any resulting trust in favor of the grantor.

A voluntary deed, intentionally and deliberately made, is good against the grantor and his heirs, and can only be avoided by creditors or others having superior equities to the grantee. The rule which has been sometimes applied, raising trusts in favor of the grantor in a voluntary deed, was technical, and could not apply when a valuable consideration was recited, or beneficial uses in favor of the grantee were expressed in the deed.

Where a deed has been recorded, and acted upon by the mutual concurrence of grantor and grantee, that amounts to a delivery, and the fact that it was originally made without the knowledge of the latter, and not manually delivered to him, is of no importance.

*Heard April 21st and 24th. Decided November 10th.*

Appeal in Chancery from Lenawee Circuit.

This was a bill filed by complainants as heirs at law of Jacob Jackson, deceased, to obtain a re-conveyance of certain premises conveyed by said Jackson, in his life time, to Joseph H. Cleveland, and by him conveyed to other defendants.

The bill was dismissed, on the hearing.

The facts are stated in the opinion.

JACKSON v. CLEVELAND.

*G. V. N. Lothrop*, for complainants.

1. The evidence shows, beyond any fair controversy, that Jackson, for his own convenience, use and benefit, made the deed to Cleveland, and that no gift or benefit to Cleveland was intended. And if oral declarations are admissible, it is clear that it was only long after Jackson's death that Cleveland formed the knavish plan of claiming the land for his own use.

The heirs of Jackson claim that this is a constructive trust, or one by operation of law. It is certainly such, morally. What is there to prevent it from being so regarded and enforced in a court of equity?

By our statute of uses and trusts, "trusts arising or resulting by implication of law," are left as they stood before the statute, except, that in the case of a deed on a consideration paid by a person other than the grantee, no trust arises in favor of the person paying the consideration.— *Comp. L.* § 2636.

So our statute of frauds, requiring interests in land to be created by writing, expressly excepts trusts arising "by implication or operation of law."— *Comp. L.* § 3178.

There is, then, nothing in these statutes which affect this case.

2. From the text books, I think no one would suspect that there was any doubt on this question. They state it as a settled proposition that where a conveyance is wholly voluntary, and the cotemporaneous facts clearly show that no gift or other benefit to the grantee was intended, but only a benefit to the grantor, then a trust to the grantee would be implied.

Some of the writers state the law in stronger terms; but they are all authority for the position as above stated. 1 *Cruise, Dig.* 468, 2 *Am. Ed.*

Judge Story declares it "firmly established."— 2 *Story Eq. Jur.* §§ 1198, 1196, 1197, 1200, 1201; 2 *Bl. Com.* 330; *Hill on Trustees*, 163, 3d *Am. Ed.;* 2 *Spences Eq. Jur.* 449.

JACKSON *v.* CLEVELAND.

The current of English cases is the same way.— *Birch v. Blagrave, Amb.* 265, 3 *Swanst.* 585; *Cases cited, Hill on Trustees.* 164 *et. seq.*

And the following cases in this country recognize that such constructive trusts may arise under voluntary conveyances— 12 *.Pet.* 241; 2 *W. & M.* 168.

In England there are but two cases that can be cited against this doctrine.

The first is not a decision on the point, but a remark of Lord Hardwick, in .which, mentioning two cases of resulting trust, he is reported to have said that he knew of no other.— 2 *Atk.* 150.

Now, this is, probably, an error of the reporter, for it is incontrovertible that a trust did result on a feoffment without consideration.— 2 *Atk.* 256; 2 *Atk.;* 4 *Russ.* 422.

This latter was a case where a son, wishing to raise money on mortgage of property, under advice that his father's better credit would facilitate this, conveyed without consideration to his father. The latter died, leaving a general devise of all his property, and it was held that parol evidence could not be received under the statute of frauds to show a resulting trust.

As to American authorities, see 6 *Paige,* 358; 20 *N. Y.* 39; 29 *N. Hamp.* 129; 36 *Id.* 86; 38 *Id.* 382; 2 *Grant's cases,* 450; 29 *Me.* 410; 2 *Clark (Ia.)* 60; 9 *Wis.* 379; 5 *Ohio, St.* 196.

Some of these cases, it will be seen, do not sustain the defendants; others, it is conceded, do. But the latter rest chiefly on the ground, that parol evidence can not be admitted in a court of equity to show that a deed does not express the true and the whole intention of parties. But this is certainly not the general rule, and not the rule in this state.

The references already made show that there is no difficulty in our statutes in establishing constructive or resulting trusts by parol.

JACKSON *v.* CLEVELAND.

Now it is certainly the rule in this state, and generally in a court of equity, that a deed absolute on its face may be shown to have been intended as a mortgage, though this contradicts the very terms of the deed.— 12 *Mich.* 314; 1 *John's Ch.* 582; 4 *Seld.* 419; 2 *Fairf.* 9; 4 *Han. & I.* 555; 7 *Leigh,* 566.

These and a multitude of other cases, show that there is no difficulty in a court of equity in showing, by parol, such facts as will raise an implied or constructive trust, even against the express terms of a deed.

If the facts offered in evidence tend to show such a trust as equity will recognize and enforce, then they are admissible, though offered by parol. They can only be excluded by taking the broad ground, that if proven they would not make a case of trust by operation of law.

What we insist upon, is that parol evidence of facts, which will show a trust or confidence in the transactions, may, in cases like the one before the court, be given in evidence. These stand on an entirely different ground from subsequent admissions or declarations.—*Hill on Trustees,* 165, *and cases cited,* 3*d Am. Ed.*

3. The defendant Williamson claims that he was a *bona fide* purchaser without notice. But the complainants held actual possession through Nichols, claiming their equities. Williamson purchased subject to the equities of complainants.— *Walk. Ch.* 79, 260.

And mere notice before actual payment is enough.— *Walk. Ch.* 117; 5 *Mich.* 408; 6 *Id.* 134; 12 *Barb.* 605; 29 *Id.* 505; 2 *Sumn.* 486.

I am aware that this court has held this rule not to apply where the grantor himself remained in possession. 8 *Mich.* 405. But I submit that this limitation is *personal* to the grantor himself. And it does not apply to those in possession claiming by subsequent grant or by descent.

The following authorities, though not directly in point, have a bearing.—4 *Barr.* 173; 6 *Maine,* 256; 7 *Id.* 464.

*Brown & Geddes* and *C. I. Walker*, for defendants.

1. The recording of a deed raises the presumption of delivery, and the evidence that it was recorded, by the direction of the grantee, is sufficient proof of delivery. — *Greenlf. Cr.* 4, b. *Title* 32, *Chap.* 2, § 64, *note*; 2 *Wash. Real. Prop.* 580, 582.

2. But the main question in the case is, whether Cleveland holds the property in trust for the heirs of Jacob Jackson; that is, any *such* trust as can be enforced under our statute of uses and trusts. — 2 *C. L.* § 2631. It is not a trust in favor of creditors, for there was no fraud, nor are complainants creditors. — 2 *C. L.* § 2638. Nor is it an express trust under the statute. — 2 *C. L.* § 2641. It is not a trust arising or resulting from implication of law, under section 2636. Some of the books assume, in a very general way, that in a case of conveyance *without consideration* to one not related to the grantor, an implied trust for the benefit of the grantor arises, subject to be rebutted by parol. — *Shep. Touch.* 501; 4 *Kent*, 306, *note*; *Cruise's Digest*, b. 1, *Title* 12, *Chap.* 1, § 52; *Story's Eq. Jur.* § 1197; 2 *Bouv. Inst.* 327.

This may be true where, *upon the face of the deed*, it is a voluntary one, and there is no use expressed to the grantee, but the rule laid down is criticised in *Hill on Trustees*, (106) 147; 2 *Spence's Eq.* 198.

But whatever may be the rule where the deed purports to be a voluntary one, where the deed is expressed to be for a pecuniary consideration and for the use of the grantee, parol evidence is *not* admissible to prove the want of consideration, or that it was intended to be in trust for the grantor; in other words, there is no implied trust in such cases saved by our statute, and no express one can be raised *by parol.* — *Greenlf. Cruise*, b. 4, *Title* 32, *Chap.* 20, § 52, *note*; 4 *Kent's Com.* 306; *Shep. Touch.* 222 – 3; 2 *Story's Eq. Jur.* § 1199; 2 *Atk.* 150; 6 *Paige*,

JACKSON *v.* CLEVELAND.

535; 20 *N. Y.* 39; 29 *M.* 410; 29 *N. H.* 129; 36 *Id.* 86; 38 *Id.* 382; 2 *Grant's Cases,* 460; 2 *Clark,* 59; 9 *Wis.* 379; 5 *Ohio St.* 194; 4 *Russ.* 422; 6 *Conn.* 284; 14 *Gray,* 278.

Many of these cases are closely analogous to the present in their facts, and identical· in the principles involved.

We think the question too well settled to admit of a single doubt.

3. But in this case ˙ the title is held by Williamson, who is a *bona fide* purchaser without notice. The occupation of the premises by the heirs of the grantor, at the time of his purchase, was not constructive notice of an adverse claim. — 8 *Mich.* 405.

*A. L. Millerd,* on the same side.

1. The facts, even taking them as set out˙ in the bill, do not create a trust. In other words, the trust cannot be made out by parol. By the statute of frauds, ˙no trust in lands can be created or declared, unless by act or operation of law, or by a deed in writing. — 2 *Comp. L.* § 3177. And by chapter 63 of the Revised Statutes of 1864, uses and trusts are abolished, with the exception of such trusts as arise or result by implication of law. — *Id.* §§ 2631, 2636.

As there is no express trust in this case, and no writing, creating or evidencing a trust, is there a trust arising or resulting by implication of law?

See the enumeration of the classes of cases in which the law raises or implies a trust, by Judge Lomax. — *Tiffany & Bullard's ˙Trusts and Trustees,* 22.

If the case at bar comes under either of these classes, it is the third — *i. e.,* "where a conveyance of land is made without any consideration or declaration of the. use." See, also, the enumeration of cases of implied trusts, by Judge Story. — 2 *Story's Eq. Jur.* §§ 1195, 1197, 1199.

But here there is a valuable consideration expressed in the deed, and the *habendum* is to *the use of the grantee,*

*his heirs and assigns.* Parol proof cannot be admitted in such a case to establish a trust in opposition to the express terms of the deed. — *Tiffany & Hurd's Trusts*, 41, 42; 6 *Barb. S. C.* 99; 1 *Paige*, 494; 2 *Story's Eq. Jur.* § 1199.

But the complainants cannot have a decree declaring a trust in this case, for another reason. It would be entirely inconsistent with the case made by their bill. It charges that there was no delivery of the deed, and consequently no title passed to Cleveland, but that the claim made by him is a cloud on the title of the complainants, which they ask to have removed. It is a bill to quiet the title.

On such a bill they can not have an entirely different relief, based on a different state of facts. They can not now abandon the case made by the bill, and claim that the deed was delivered and the title did pass. — 6 *Barb. S. C.* 99.

CAMPBELL J.

Complainants file their bill as heirs at law of Jacob Jackson, . deceased, to obtain a reconveyance. of certain lands conveyed by Jackson and wife to Joseph H. Cleveland, and by him subsequently conveyed to defendant, James H. Williams, who gave back a purchase money mortgage which, with the negotiable promissory note accompanying the same, was assigned before maturity to the other defendants, Wheeler & Bros. The bill claims that the deed was made under a separation arrangement between Jackson and his wife, and without any communication with Cleveland, upon the expectation that Cleveland would deal fairly and honorably with him, and follow his directions in regard to disposing of the land; and that it was never actually delivered to Cleveland, but was, some time after its execution, recorded upon the occasion of selling a parcel, which was conveyed by Cleveland, at Jackson's request — the latter, as alleged, receiving the

money. It is also claimed that Jackson remained in possession until his death.

Relief was based, by the argument, upon the alleged non-delivery of the deed, and upon the ground that the transaction raised a resulting trust in Jackson, which has descended to his heirs. It is not claimed that any contract was ever made between the parties, and no written declaration of trust is set up.

There is no foundation for the claim that the deed was not delivered. Whether Cleveland or Jackson left it for record is not very material, for it was recorded with their concurrence, and Cleveland assumed to convey the land which was sold at the time of the record, as owner under the deed. The only question involved, so far as he is concerned, arises upon the operation of the deed as involving or not involving a trust in favor of Jackson. The rights of the other defendants rest upon a further claim of being *bona fide* purchasers.

Before considering the legal questions, it may be desirable to understand the facts. It is shown that Jackson and his wife were about separating, and that it was arranged between them, on a sufficient pecuniary consideration, that she should release her dower in her husband's lands. It was, upon consultation, suggested by some person among the counsel, that the property might be deeded to some third person, and Cleveland was fixed upon, and the deed executed without consulting him. Two witnesses are sworn upon this transaction, and it does not appear from their testimony that there was anything said at the time, or subsequently, about what was expected to be the nature of Cleveland's holding. There is no reason to believe that there was any agreement on the subject, and Jackson evidently relied upon Cleveland to do what was to be done, if anything, without making specific terms with him. There is no admission of Cleveland that any one had rights which could be enforced against him, but he has offered to

convey the property upon the terms of making provision for an illegitimate child of Jackson's, which the heirs refused to accept.

The case stands upon the simple question whether such a deed, because made without any consideration in fact, involves a resulting trust in favor of the grantor. This deed contains a recital of consideration, and declares the uses in the ordinary form in favor of the grantee, his heirs and assigns in fee. It is in the form which would have been used had the land been bought and paid for, and it is designed upon its face to represent the grantee as an ordinary purchaser. The object, in fact, was to vest in him an indefeasible legal estate, whatever may have been the equities. And the intention to do this was not left subject to revocation, as the recording of the deed was made with an express purpose of having Cleveland enabled to convey, as he did convey to the first person who became a purchaser of a portion of the estate. The equity, therefore, which is relied on in this cause, depends upon the establishment of a principle that a voluntary deed, where no consideration, in fact, passes to the grantor, is subject to a trust in his favor, and no beneficial title vests in the grantee.

This claim is not sustained by any authority. A voluntary deed, which purports to be for the beneficial use of the grantee, and which was made deliberately and without mistake or contrivance, does not differ from any other deed in binding the grantor, and can only be attacked by those having superior equities which the grantor had no right to cut off—as creditors and the like. The only case approaching it is that where an equity is raised against a grantee in favor of the person who paid the purchase money. This trust is now abolished by our statutes, where the person paying the money has consented to the deed being thus made. And it could always be rebutted by showing that the land was intended to vest

beneficially. — *Philips v. Crammond,* 2 *Wash. C. C. R.* 441, 445 – 6 ; *Benbow v. Townsend,* 1 *Mylne & K.* 506 ; *Maddison v. Andrew,* 1 *Ves. Sen.* 58. And in *Delane v. Delane,* 4 *Bro. P. C.* 258, it was held that a person paying purchase money, and allowing the deed to be made to another, precluded himself from setting up any such trust by holding such person out as the real owner, and witnessing a lease made by him as such. Upon this principle the action of Jacob Jackson, in procuring Cleveland to deed the parcel sold, would have rebutted such a trust, had this been the case of a purchase by one person in the name of another, and had the statute left such trusts to be enforced. The presumed intention to claim the title is rebutted by acquiescence in the assertion of ownership.

This doctrine of resulting trusts has never been applied to mere voluntary conveyances. Mere want of consideration has never raised resulting trusts out of these. — *Young v. Peachy,* 2 *Atk.* 256 ; *Lloyd v. Spillet,* 2 *Id.* 148 ; *Leman v. Whitley,* 4 *Russ.* 423 ; *Sturtevant v. Sturtevant,* 20 *N. Y.* 39.

There is a class of cases which were referred to upon the argument, which depend upon the common law rule that a feoffment without consideration, and which declared no uses, created a resulting use to the grantor — or, in other words, was practically no conveyance. But this doctrine has been held to be merely technical at law and in equity, and not at all dependent upon any question of consideration. It rests upon the principles underlying the second great class of resulting trusts, where a trust results in the residue of all estates after the uses or trusts upon which they are conveyed are exhausted. And accordingly, either the mention of a consideration, although nominal, or the declaration of uses, will prevent any trust resulting, and confirm the title in the feoffee. — *Lloyd v. Spillet,* 2 *Atk.* 148 ; *Saund. on Uses and Trusts,* 334 – 5 ; 2 *Fonblanque's Equity,* 133 ; 1 *Spence Eq.* 449, 450, 451, and

*cases cited.* A court of chancery has never ventured against the expressed will of the donor, appearing on the face of the deed, to "take the use from the donee, and give it back to the donor. *In other words, uses annexed to a perfect gift, however gratuitous, were enforced."* — 1 *Spence,* 450.

We have found no authority which would justify us in raising a trust in the present case. Jackson saw fit to leave Cleveland untrammeled by any obligation. Whether he has abused confidence, as there is great reason to believe, or whether he was, as he claims, made a beneficiary to cut off others, is not material.

The other questions need not, therefore, be discussed. The bill was properly dismissed, and the decree should be affirmed, with costs.

MARTIN and CHRISTIANCY JJ. concurred.

COOLEY J. did not sit in this case.