## Moses B. Hess v. William Final and another.

*Chancery appeals: Practice matters.*   On chancery appeals rulings of the court below in matters of practice which do not affect the merits will not be reviewed.

*Equity pleading and practice: Supplemental bill: Demurrer: Hearing on merits.*   Overruling a demurrer to a bill filed as a supplemental bill, based on the ground that it brought into the case only such facts as should have been the subject of an amendment, is not such error as will reverse a decree after a hearing upon proofs on the merits.   Misnaming the bill could not have prejudiced the defendants under such circumstances.

*Mortgages: Delivery: Evidence.*   Where a mortgage has been left with a firm of attorneys acting for both parties, to be delivered only upon the consent of both, and there is a conflict of testimony whether such consent was ever had, the fact that the mortgagee is found in possession of the mortgage and the mortgagor in possession of an instrument executed by the mortgagee to show what the mortgage was given for, where the actual delivery of the latter is fairly proved, is decisive.

*Mortgages: Fraudulent as against creditors: Objection by mortgagor.*   It is not a valid objection, coming from the mortgagor, that his mortgage, given for a large nominal sum to secure an endorser for a smaller sum, was given to defraud his creditors; a conveyance fraudulent as to creditors may be perfectly good as between the parties where it is supported by a valid consideration.

*Mortgages: Foreclosure: Accounting as to partnership dealings: Set-off.* On a bill to foreclose a mortgage given to secure for accommodation endorsements having no connection with the partnership dealings, an accounting as to partnership matters between the parties is not permissible for the purpose of raising up a counter claim against the mortgage, where no special equities are set up in the answer or by way of cross-bill entitling defendants to the benefit of this as an equitable set-off.

*Heard October 15. Decided October 26.*

Appeal in Chancery from Saginaw Circuit.

*John J. Wheeler,* for complainant.

*C. W. Wisner* and *William A. Clark,* for defendants.

COOLEY, J:

The objections to the rulings of the court in matters of practice we cannot review here. None of them affected the merits; and appeals would be impediments instead of aids to justice if after a case had been fully heard on the facts, the appellate court could reverse the proceedings for what was only a technical error in the court below in some matter pertaining only to regularity in practice.

The principal error complained of is, that the court overruled a demurrer to a supplemental bill which brought into the case only such facts as should have been the subject of an amendment. But misnaming the bill could do no harm; the defendants had the same benefit of an issue upon it as a supplemental bill that they would have had if it had been called an amended bill. The bill, however, did bring in some matters which were supplemental to the original case.

The case on the merits is not complicated. The bill was filed to foreclose a mortgage given by defendants to complainant for the nominal sum of ten thousand dollars. A contemporaneous instrument executed by Hess showed that the mortgage was given to secure him as accommodation maker or endorser of notes for the benefit of the defendant William Final. Defendants make the following objections to a decree on the merits.

1. That the mortgage was never delivered, but when executed was left with a firm of attorneys who were acting for both parties, and was not to be delivered except with the consent of both, which was never had.   On this point. the evidence is conflicting, and if the case rested solely on the recollection of witnesses we might be at a loss how to decide it.   But there is one fact in the case which seems to us to put the case beyond all reasonable doubt.   Complainant has actual possession of the mortgage, and defendant has actual possession of the instrument given by Hess to show what the mortgage was given to secure. . Of the actual delivery of the latter there can be no reasonable doubt.' Each party being thus found in possession of the instrument which on its face appears to have been made for his benefit, and one of the two having been actually delivered, the other evidence ought to be very clear to rebut the presumption that the other was actually delivered also, much more so than it is here.

2. That the mortgage was given to defraud the creditors of William Final, and was consequently itself fraudulent. On this it is to be observed that Final's creditors are not here complaining of it; if they were, the point might become important.   A conveyance fraudulent as to creditors may be, and usually is, perfectly good as between the parties, if there is a consideration to support it.   There is no question of consideration in this case, for it is not disputed that there were at the time and afterwards notes in existence such as the contemporaneous instrument showed that the mortgage was intended to secure.

3. That the balance on all the dealings between the parties is in favor of Final, and not of Hess.   This defense seeks to bring into the case partnership dealings between Hess and Final, which continued for some time, and involved considerable expenditures.   But we do not think we can go into an accounting of the partnership matters on this bill. The agreement when the mortgage was given did not make the payment of the accommodation paper depend at all upon

the partnership dealings, and the only way they could be brought into the case would be to set up such facts in the answer or by cross-bill as would entitle the defendants to the benefit of an equitable set-off. No special equities are set up to entitle defendants to a set-off; it is not even pretended that Hess is not perfectly solvent and able to pay any balance that may be found due from him on an accounting. The cases of *Lockwood v. Beckwith, 6 Mich., 168,* and *Hale v. Holmes, 8 Mich., 37,* are conclusive against this counter claim.

These are the only points that require special mention. The court erred in dismissing the bill. On the evidence complainant was entitled to a decree for the amount of what was called the Buddington note, which he had paid and taken up for Final. And the cause should be remanded with directions that a decree be entered accordingly, and for further proceedings. . Complainant will recover costs of this court.

. The other Justices concurred.