SARAH ANN COOL v. SAMUEL SNOVER.

*Bill of particulars—Sales—Illegalities affecting persons not parties can be complained of only by those who are injured.*

Where a bill of particulars of goods sold contains many items, it is discretionary to let the plaintiff take it to answer the question whether it was a correct list.

Where an offer of evidence is erroneously rejected but is afterwards received and the facts are fully shown, the error is cured.

In an action for the value of goods sold, evidence that they were sold to defraud the vendor's wife is irrelevant; the sale might be fraudulent as to her but good as between the parties, and the question of fraud must be left to be raised by the party defrauded who waives it by taking no proceedings to obtain redress.

In an action for the value of goods sold evidence that a third person had taken away part of them and that defendant had therefore never received them was properly excluded in the absence of farther evidence connecting the plaintiff with the failure to deliver them.

A motion to send back for amendment a bill of exceptions in a case pending on a referee's report was *held* properly denied where no defects were pointed out.

If a bill of exceptions in a case pending on a referee's report does not show all the facts material to a decision on the exceptions taken, the fact should be shown by affidavit; and it should also be shown that the referee's attention was seasonably called to the defect or an excuse given for failing to do so.

Error to Calhoun. Submitted Feb. 1. Decided April 3.

Assumpsit. Defendant brings error.

*John C. Patterson* and *William H. Brown* for plaintiff in error. A witness cannot testify from the bill of particulars, 1 Greenl. Ev. (Redf. Ed.) 436-7; the circumstances of making a contract may be shown by parol to prove fraud, *Beebe v. Knapp*, 28 Mich., 67; no cause of action arises on a contract in favor of a party who had entered into it with the purpose of defrauding a third person. Broom's Leg. Max., 571, 573, 578; *Bank of U. S. v. Owens*, 2 Pet., 539; neither party to a contract fraudulent as against third persons, can enforce it. 2 Pars. Cont., 772; *Randall v. Howard*, 2 Black, 585; *Bolt v. Rogers*, 3 Paige, 157; *Nellis v. Clark*, 20 Wend., 24; 1 Story's Eq. Jur., § 298, n. 4; *Holman v. Johnson*, 1 Cowp., 341; *Vandyck v. Hewitt*, 1 East, 96; *Warburton v. Aken*, 1 McL., 460; *Goudy v. Gebhart*, 1 Ohio St., 262; *Smith v. Hubbs*, 10 Me., 71; *Worcester v. Eaton*, 11 Mass., 377; *Schermerhorn v. Talman*, 14 N. Y., 141.

*T. G. Pray* for defendant in error.

Cooley, J., Snover sued Cool in the circuit court to recover the value of personal property sold and delivered. The case was heard by a referee, whose report was confirmed by the circuit court, and it is before us on exceptions taken to the referee's rulings.

The first exception was to the ruling of the referee permitting the plaintiff to take the bill of particulars filed in the case, and to answer the question whether the list of articles therein given was a correct list of those sold by him to the defendant. The list embraced a large number of items, and no person could have been expected to remember them so as to be able to state them in detail without the aid of some memorandum made by himself or under his direction. We have no doubt of the right of the referee in his discretion to allow the liberty he did in this case. This exception was followed by others to rulings permitting the plaintiff to testify to the value

of certain of the articles.    These seem to us to require no. comment.

The defendant offered to show that a portion of the articles bought by her were afterwards taken away from her on a writ of replevin sued out by plaintiff's wife. This offer was at first rejected, but the evidence was subsequently received, and the facts were fully shown. This obviated any error that had previously been committed in that regard.

Several questions were afterwards propounded by the defendant the purpose of which was to show that the sale of the property was made by the plaintiff for the sole purpose of cheating and defrauding his wife out of alimony in a suit commenced by her against him for a divorce.    The referee could perceive no relevancy in these questions.    Neither can we.    The sale might have been fraudulent as to the wife and yet perfectly good as between these parties; and the referee had no occasion to inquire further.

The defendant offered to show that one Mrs. Freeman claimed a portion of the articles mentioned in the bill of particulars, and took them away, and for that reason defendant never received them.    The offer was objected to, and the objection sustained.    It was not proposed to show that the plaintiff was in any way connected with Mrs. Freeman's claim, or that plaintiff had failed to do all that was required of him in the delivery of the goods, or that Mrs. Freeman's claim was well founded.    It was consistent with the offer that the claim might have been wholly unfounded, and the defendant in fault in yielding to it.    There was no error in this ruling.

The defendant then offered to show the negotiations of purchase between the parties, and the whole conversation relative to the sale of the goods in question; that they "were sold for the agreed price of seventeen dollars which was then and there paid, to show that it was a fraudulent contract between plaintiff and defendant; also as a part of the *res gestæ*, and to construe

the contract in the light of the surrounding circumstances, to show the whole contract." So far as by this offer it was proposed to show that the transaction was a fraudulent one, the offer evidently had regard to the alleged fraud upon Mrs. Snover, and the plaintiff objected to it, and it was overruled. No objection was taken to the defendant showing the negotiations, and the price agreed upon if any, but he did not attempt to do so. We must assume that the purpose of the offer was the same with that previously overruled, namely to show that the transaction was a fraud upon Mrs. Snover. As we have already stated, that question must be left to be raised by Mrs. Snover herself.

It is true that where parties engage in an illegal transaction in the course of which one of them takes advantage of the other to wrong him, the law will not usually interfere in his behalf, but will leave him to take the consequences of his disregard of the law. But the principle has no application to the case the defendant proposed to show. The plaintiff might lawfully sell his property to the defendant for any price that pleased him, and there was no illegality in his doing so. Only as some creditor or other third person could show he was injured, would the illegality be made apparent; and that illegality could concern only the person injured, and might be waived by him, and would be waived if he took no proceedings to obtain redress. Nobody who was not concerned could insist upon objections which the party concerned refused or neglected to make. This is familiar doctrine, and is acted upon constantly where sales are made which are supposed to be frauds upon creditors. *Hess v. Final*, 32 Mich., 515.

An exception was taken to the ruling of the court excluding evidence that one Carrie Baker had not performed services for the defendant while boarding with her. The object appears to have been to support a charge of set-off against the plaintiff for the board by defendant of Carrie Baker at his request; but the record

does not show how the proposed evidence became material, and we cannot say that the referee erred in overruling it. It is true that the circuit court was requested, when the case was pending there on the referee's report, to send back the bill of exceptions for amendment; but as no defects were pointed out, the court properly denied the motion. If the bill failed to show all the facts which were material to a decision upon the exceptions taken, the fact should have been made to appear by affidavit, and it ought also to have been shown that the attention of the referee was seasonably called to the defect, or an excuse given for the failure to do so.

We find no error in this record, and the judgment must be affirmed with costs.

The other Justices concurred.