RICHARD G. PETERS v. PETER HANSEN AND MANISTEE RAIL-ROAD COMPANY.

PETER HANSEN v. RICHARD G. PETERS AND MANISTEE RAIL-ROAD COMPANY.

*Equity—Interference with possession.*

A bill in equity will not lie to restrain one from interfering with complainant's possession as owner of premises when defendant's claim is that of a riparian owner; the remedy is at law. And the dismissal of such bill will not prejudice complainant as to any rights that have not been put in issue and adjudicated.

Appeal from Manistee. (Judkins, J.) Oct. 17.—Nov. 19.

BILL to quiet title; CROSS-BILL for reconveyance or reformation of deed. Complainant Peters appeals. Affirmed.

*B. M. Cutcheon* and *Hanchett & Stark* for complainant.

*A. J. Dovel, Henry A. Chaney* and *William L. Webber* for defendants.

SHERWOOD, J. Peters filed the original bill in this case to quiet title to a portion of lot one in sec. 7, town 21 N., range 16 W., in Manistee county, described as follows: "Commencing at low-water mark on the margin of Lake Manistee on section line between sections 6 and 7; thence east 132 feet on said sec. line; thence south 66 feet to a stake; thence west to low-water mark on Manistee lake."

Louis Sands was the owner of lot one, and on the 8th day of February, 1869, sold and conveyed by warranty deed the above-mentioned parcel to C. P. List. List died in December, 1879, and the title passed to his widow and his children, Christ, Bertha, John and Thomas, who afterwards conveyed said parcel to Peter Hansen, complainant in the cross-bill and defendant in the original bill.

On the 18th day of May, 1880, said Sands and wife conveyed to said Peters lot one, excepting therefrom the land first above described, and the deed was recorded June 17, 1880. Peters in his bill avers that it was expressly understood between said Sands and C. P. List that by the conveyance between them the latter was to acquire no rights beyond a straight line drawn from the point of beginning to the point of ending mentioned in the description contained in said conveyance; that List on his purchase immediately entered into possession of the parcel first above described, and that Sands and his grantees have ever since remained in possession of the remainder of said lot one; that Sands when he made the sale to List was building a dock south of the section line between sections six and seven, and in front of the land sold, and that it was well understood at the time of the sale that

the land upon which the dock was built was not included in List's deed, and as long as List lived Sands continued to construct, occupy and use said dock. And Peters claims that he is the owner of all that portion of said lot one lying in front of a line drawn from the point of beginning to the point of ending in the description of the above first-mentioned parcel in List's deed, and avers that Hansen claims to own what lies west of said line including the said dock, and threatens and intends to interfere with the complainant's possession, and by force and violence oust him of his possession, and prays that he may be decreed to be the owner of the disputed parcel, and Hansen enjoined from interfering with his possession thereof until final decree in the premises.

The bill avers that the Railroad Company obtained the title to its right of way which crosses the disputed premises of the List heirs. The conveyance thereof was previous to Hansen's deed.

Hansen answers the bill, and admits the several conveyances stated in the bill; denies the understanding claimed and averred between Sands and List as to the extent of the premises conveyed in List's deed; denies the possession of said Sands to any part of the premises deeded to List for the purpose of building said dock or otherwise; and avers that if Sands occupied the land for dockage it was by permission of List and under him, and that he never relinquished his title to Sands, and that during List's life-time Sands never made any such claim or any other claim inconsistent with List's ownership under his conveyance, but on the contrary Sands admitted List's riparian rights appertaining to the lot purchased by List, and that List occupied and controlled the same while he lived. Hansen admits the death of List and the transfer of List's purchase by his heirs to defendant, and the recording of the deed; denies that Sands ever claimed any interest in the disputed premises adversely to defendants; and claims that complainant has failed, by the statements in his bill, to show himself entitled to any relief in a court of equity.

The cross-bill, after setting up the substance of the answer,

claims that the railroad company obtained their pretended interest, which consists of a right of way to the lake, under a quitclaim deed from the List heirs, and if the legal construction of the deed claimed by the company is the correct one, then the same was obtained by fraud, and if the same shall be so found asks for a decree for reconveyance; and further if the conveyance shall be found to have conveyed any of the water front, then there was a mistake made, and the cross-bill, in such case, asks for a decree of reformation.

The several answers of the defendants to the cross-bill were made and filed, which need not be further referred to.

Proofs were taken, and the case was heard upon pleadings and proofs at the Manistee circuit, where both bills were dismissed, with costs. The cross-bill was dismissed upon the sole ground that the complainant therein had no right to complain of the fraud charged.

The complainant in the original bill alone appeals. The relief which he seeks by his appeal is from the decree which dismisses the original bill absolutely. He substantially admits that the bill was properly dismissed, but claims that the decree of dismissal should have been without prejudice.

The complainant claims in his bill to be the owner of the premises in dispute, and to have been in the possession of the same since receiving his deed of Sands. His complaint is that Hansen claims to be owner and threatens to disturb his possession, and he believes Hansen intends so to do. This will not furnish ground for equitable relief.

Nothing in the decree in this case will prejudice the complainant from asserting by suit or otherwise any legal right or any equitable right in and to the property described in the pleadings, or to the possession thereof, except in so far as by the record it appears that the same has been properly put in issue and adjudicated in the case. Neither does the bill show such a claim of title as equity will relieve against. The complainant's remedy, in case of the commission of the acts threatened, is at law.

Such being our conclusion, it is difficult to see how any

rights of the parties, either legal or equitable, can be prejudiced by the decree made.

We see no ground for our interference with the action of the circuit judge in the case, and the decree will therefore be affirmed.

The other Justices concurred.