FRANK A. SESSIONS v. WILLIAM C. B. SHERWOOD.

*Ejectment—Homestead—Defendant's wife a necessary party—Mortgages—Presumption of delivery—Validity—Res judicata—Estoppel.*

1. Where a mortgage is executed in the absence of the mortgagee, and placed upon record by the mortgagor, and permitted to remain of record as a mortgage, and assumed to be such by all of the parties in interest, want of a manual delivery is of no importance. *Jackson v. Cleveland*, 15 Mich. 94. Such recording, in the absence of evidence to the contrary, is presumptively a delivery. *Patrick v. Howard*, 47 Mich. 40-45; *Stevens v. Castel*, 63 Id. 116, 117; *Gage v. Gage*, 36 Id. 229.

2. Especially is the recording of a deed considered presumptively a delivery of it, as between the grantor and grantee, when the object of the record is to defraud, hinder, or delay creditors. *Gage v. Gage*, 36 Mich. 229.

3. In this case the defendant is held estopped from claiming that two mortgages executed by him for the purpose of preventing the collection of claims by creditors were void for want of consideration and delivery, the same having been recorded, and foreclosed after the death of the mortgagee by his personal representative, who bid in the land for the estate, and thereafter caused it to be sold at administrator's sale to the plaintiff, an innocent purchaser, who brought ejectment against the mortgagor, who had remained in possession of the premises, and who sought to defeat a recovery on the grounds stated.

4. A wife is a necessary party to an action of ejectment involving her homestead rights. *Hodson v. Van Fossen*, 26 Mich. 68; *Cleaver v. Bigelow*, 61 Id. 47; *Sewing Machine Co. v. Whitney*, Id. 518.

Error to Gratiot. (Hart, J.) Argued October 15 and 16, 1889. Decided December 28, 1889.

Ejectment. Defendant brings error. Judgment affirmed as to 80 acres, and reversed as to 40 acres. The facts are stated in the opinion.

*S. J. & J. G. Scott,* for appellant, contended:

1. Title to land is only transferred by deed duly executed and *delivered;* citing How. Stat. § 5652; *Gugins v. Van Gorder,* 10 Mich. 523; *Hunter v. Hopkins,* 12 Id. 227; *Boothroyd v. Engles,* 23 Id. 19, 21; *Hayes v. Livingston,* 34 Id. 384, 391; *Bank v. McAllister,* 46 Id. 397, 401, 402; and such delivery is as essential as any other ceremony; citing *Green v. Langdon,* 28 Mich. 221; *Heffron v. Flanigan,* 37 Id. 274; *Ritter v. Ritter,* 42 Id. 108.

2. The object of delivery is to indicate the grantor's intention to give the deed effect as a conveyance; citing 3 Washb. Real Prop. (5th ed.) 300; *Maynard v. Maynard,* 10 Mass. 456; *Hatch v. Hatch,* 9 Id. 307; *Woodbury v. Fisher,* 20 Ind. 387; *Utterbach v. Binns,* 1 McLean, 242.

3. Both delivery by the grantor and acceptance by the grantee are necessary, because both are essential to show union of mind; citing *Hendricks v. Rasson,* 53 Mich. 575; *Watson v. Hillman,* 57 Id. 609; *Wiggins v. Lusk,* 12 Ill. 132; *Hadlock v. Hadlock,* 22 Id. 384; *Wilsey v. Dennis,* 44 Barb. 359; *Fonda v. Sage,* 46 Id. 123; and proof of acceptance, subsequent to the act of constructive delivery, without proof of consent of grantor, is not sufficient to give effect to the deed; citing 3 Washb. Real Prop. (5th ed.) 310; *Brown v. Cannon,* 5 Gil. 177; *Buffum v. Green,* 5 N. H. 71; *Barns v. Hatch,* 3 Id. 304; *Church v. Gilman,* 15 Wend. 656; *Thatcher v. Church,* 37 Mich. 268, 269; *Woodbury v. Fisher,* 20 Ind. 387.

4. Delivery may be presumed from possession or from recording, both having been held *prima facie,* but not conclusive, evidence thereof; citing *Ritter v. Ritter,* 42 Mich. 108, 109; *Hendricks v. Rasson,* 53 Id. 575; *Watson v. Hillman,* 57 Id. 609; but the presumption of delivery of the first mortgage in this case, from the fact of registry, is conclusively rebutted by the findings of fact.

5. Recording is not delivery, nor a substitute for it; and when the grantee is shown to have been absent at the time of execution of the deed, the presumption of delivery is rebutted; citing *Maynard v. Maynard,* 10 Mass. 456; *Hatch v. Hatch,* 9 Id. 307; *Gilbert v. Ins. Co.,* 23 Wend. 43; *Jackson v. Phipps,* 12 Johns. 418; *Keirsted v. Avery,* 4 Paige, 9; *Hendricks v. Rasson,* 53 Mich. 575; *Watson v. Hillman,* 57 Id. 609; *Wiggins v. Lusk,* 12 Ill. 132; *Hedge v. Drew,* 12 Pick. 141; *Powers v. Russell,* 13 Id. 77, 78.

6. To make a delivery at the office of the register of deeds good to transfer title there must be proof of the assent of the

grantee; citing *Maynard v. Maynard*, 10 Mass. 456; *Jackson v. Phipps*, 12 Johns. 418; *Hendricks v. Rasson*, 53 Mich. 575.

7. Unless the court is authorized to create a distinction between conveyances upon a valuable consideration and voluntary conveyances, in respect to the ceremony necessary to complete the conveyance, which it is submitted cannot be done, neither of these mortgages took effect as such; citing *Jackson v. Phipps*, 12 Johns. 418; *Ladue v. Railroad Co.*, 13 Mich. 380-400; *Burson v. Huntington*, 21 Id. 430-432; 3 U. S. Dig. (N. S.) 304.

8. The estate of Warren B. Sherwood never became vested with any title or interest under said mortgages, and as purchasers at a judicial sale take just such and only such interest as the person or estate held, it necessarily follows that plaintiff succeeded to no title or estate under the administrator's conveyance; citing Sedg. & Wait, Trial, etc., § 822; Rorer, Jud. Sales, 459-462; 3 Washb. Real Prop. (5th ed.) 321; *Tisher v. Beckwith*, 30 Wis. 55; *McGoren v. Avery*, 37 Mich. 120.

*Mitchel & McGarry*, for plaintiff, contended for the doctrine stated in the opinion, except as to the necessity of defendant's wife being made a party.

MORSE, J. This is an action of ejectment. Plaintiff claims title to 120 acres of land in Gratiot county by virtue of certain mortgage foreclosures by advertisement. The case was tried before Hon. Henry Hart, circuit judge, without a jury, who made findings of fact and law, and gave judgment for plaintiff.

The judge finds that the defendant came into possession of these premises March 2, 1865, by a warranty deed from one George, who was then the owner in fee, deriving his title through mesne conveyances from the United States. February 13, 1867, the defendant executed a mortgage, in which his wife did not join, upon 80 acres of this land, the E. ½ of the S. E. ¼ of section 2, township 11 north, of range 3 west, and other lands not involved in this suit, to his brother, Warren A. Sherwood. When this mortgage was made Warren A. Sherwood was not present. It was made in his absence, and

taken to the register's office, and put upon record by the defendant. The mortgage was made to protect the defendant and his property from litigation, in which defendant was fearful he might get involved through a partner of his, who was having a lawsuit; in other words, the mortgage was made and put upon record to prevent creditors, or persons who might in this litigation be adjudged creditors, from levying on this land. This mortgage was found in the register's office by A. G. Russell, administrator of the estate of Warren A. Sherwood, appointed by the probate court for the county of Ionia, Michigan. Warren A. Sherwood died March 27, 1876, at St. Louis, Missouri. This mortgage, containing the usual power of sale, was regularly foreclosed by advertisement under the statute, and the land purchased by William Reynolds, administrator of Warren A. Sherwood's estate, succeeding Russell. A sheriff's deed was made upon such sale to Reynolds. The premises were not redeemed, and the deed became absolute.

The court further finds that December 20, 1870, the defendant, William C. B. Sherwood, with his wife, executed a mortgage to Warren A. Sherwood for $2,000 upon the 120 acres involved in this suit, containing the usual power of sale, which mortgage was recorded December 23, 1870. This mortgage was also regularly foreclosed by advertisement after the death of said Warren A. Sherwood, and purchased by his administrator, Reynolds. Sheriff's deed was executed on this sale, and, for want of redemption of the premises, became absolute. Reynolds was appointed administrator of Warren A. Sherwood by the probate court of Ionia county, Michigan, and February 14, 1885, he petitioned said court for license to sell the lands in question. He was granted such license, and October 6, 1885, the premises were sold to plaintiff for $2,600, and he received a deed of the same.

The proceedings on foreclosure and in the probate court are not attacked, but are conceded to be regular; but it is claimed that these mortgages were without consideration, and invalid. The circuit judge finds as to the $2,000 mortgage, Warren A. Sherwood was present when it was executed; but, while they were talking it over, it was found that the wife of defendant had objections to signing it, as it covered the homestead. It was then agreed to lay it aside, and, instead of the mortgage, to make a deed of the north 80 acres of the land, which was done, and the deed delivered to Warren A. Sherwood, which deed was understood and intended to be taken in the place of the mortgage, which was not intended to be delivered, although it was handed to Warren A. Sherwood, who looked it over.

It does not appear in the record how this mortgage came to be recorded three days after it was made, or by whom, or for what purpose, it was recorded, or how it came into the hands of Warren A. Sherwood's administrator. It is rather singular that a mortgage, not intended to be delivered by the parties, and superseded by a deed made in its stead, should have so soon found its way to the register's office, unless taken there by one of the parties, or that it should have been recorded at all unless some purpose was to be subserved by such record. But the secret of this transaction is also found in an intent to defraud or hinder and delay creditors. The judge finds that the agreement not to use the mortgage, and to make the deed instead, was done after Mr. Hayes, an attorney, had advised them that the 40 acres they lived upon was exempt from levy and sale on execution. He also finds that there was no money paid that day, and defendant was not indebted to Warren, except for $300, which he had collected for, but had not paid over to, Warren, and another mortgage was afterwards given to secure this

amount. This mortgage of $2,000 was given because there was an execution against defendant, and in favor of William Stanley, to assist defendant in avoiding payment of such execution.

The foreclosure sales under these mortgages took place December 24, 1880. A bill in chancery was filed September 8; 1881, in the circuit court for the county of Gratiot by the defendant in this suit, William C. B. Sherwood, against William H. Reynolds, administrator, and the heirs of Warren A. Sherwood, deceased, in which said William set up that the first mortgage of $600 was never delivered to Warren, and that it was made to provide against a possible result of litigation in which his partner was engaged, and in which he was threatened to be involved also, but that it was not made or recorded with any design of defrauding, hindering, or delaying any creditors of William. In relation to the $2,000 mortgage, he alleged the same facts as found by the circuit judge in the present suit, and, further, that the mortgage was taken into the possession of Warren, and by him caused to be recorded, without his knowledge or assent, and contrary to the understanding between the parties. He also alleged that there was no consideration for or delivery of either of these mortgages; that he was in the possession of the premises, but that he had temporarily parted with the legal title to the same upon certain trusts and charges, which were then completely and fully ended; and that he was entitled to, and soon would be re-invested with, such legal title.

The administrator and heirs of Warren answered, denying the allegations of William, and averring the delivery and full validity of both mortgages; and, at the close of the answer, by way of demurrer, set up that complainant had no right to bring his suit, for the reason that his bill showed he had no legal title to the land, and it did

not appear in said bill that he had any equitable title to the premises. Proofs were taken by both parties bearing on the validity of the mortgages, as well as upon the matter of abatement, and the case was argued on the merits. October 5, 1883, the court, the same circuit judge who tried the case at bar, filed the following opinion, and dismissed complainant's bill:

"In this case I do not think the complainant can recover, and the bill should be dismissed, with costs. I do not think the complainant has such a title as will enable him to maintain this suit in his own name, and I think the issue is sufficiently raised by the answer in the clause denying either legal or equitable title, in answer to that clause of the bill which shows the title claimed by the complainant.          HENRY HART, Circuit Judge."

The decree was dated as of the date of the hearing, September 14, 1883, and the dismissal of the bill was absolute. The defendant in this case and complainant in that case made a motion for rehearing, which was denied June 14, 1884. No further steps were ever taken by the defendant, William C. B. Sherwood, to attack the validity of these mortgages, or the foreclosure of the same, until he defended the present suit. He and his wife, however, have occupied and remained in possession of the premises ever since; the homestead being on the S. E. ¼ of the S. E. ¼ of section 2, township 11 north, of range 3 west. There are about 70 acres of land improved, upon which is a dwelling-house and barn.

It is contended by defendant's counsel that under the findings of fact by the circuit judge, there was no delivery of either of these mortgages, or any consideration for them, and that the chancery suit was not a bar to the right of the defendant now, and in this suit, to question their validity, and that, therefore, the judgment upon the findings of fact should have been for the defendant. The

counsel also claim that the wife of Sherwood should have been made a party.

I am inclined to hold that the chancery suit was not determined on the merits, but on the fact that Sherwood's title, as shown by his bill and the proofs in the case, was not such as enabled him to ask for the relief prayed. This is shown by the opinion filed in the case, and made a part of the judge's finding in this case. But the bill was dismissed absolutely, and, had not this opinion been filed by the circuit judge, stating his reasons for so doing, such dismissal would have been, without doubt, a bar to any further proceedings to test the validity of these mortgages, or any future defense against them on the ground that they were not delivered and were without consideration. As to the bearing of this decree of absolute dismissal upon the present case, I shall speak hereafter. I am satisfied, however, that the plaintiff is entitled to a judgment, beyond any question, as far as the defendant's interest is concerned, outside of the homestead, in the lands covered by the $600 mortgage, which would be the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 2, township No. 11 north, of range 3 west. Plaintiff is entitled to this 40. And I am also of the opinion that he is entitled, under the findings of fact, to a judgment for the whole premises, or would have been if the wife had been made a party defendant.

The circuit judge finds, in effect, that the first mortgage was made for the purpose of providing against the seizure of the land therein described for some judgment that might be obtained in litigation then pending against the defendant's partner in business, and in which defendant expected to be involved. He put it upon record himself. Not only that, he allowed it to remain in the register's office from 1867 until after Warren Sherwood's death, in 1876,

78 Mich—16.

nearly, if not quite, 10 years, and then informed the administrator where it was, who went and got it without any protest from defendant appearing from the findings of fact. All the finding there is as to delivery is simply that it was taken by the mortgagor and put on record, and made in the absence of Warren. The judge does not find that there was no consideration for it, or that it was not accepted by Warren; and, it being put on record, and permitted to stand on the record as a mortgage, and assumed to be a mortgage by all concerned, the fact that it was originally made without the knowledge of Warren, and that there never was a manual delivery of it, is of no importance. *Jackson v. Cleveland,* 15 Mich. 94. This putting of the mortgage on record, in the absence of any testimony or finding to the contrary, was presumptively a delivery. *Patrick v. Howard,* 47 Mich. 40–45 (10 N. W. Rep. 71); *Stevens v. Castel,* 63 Id. 116, 117 (29 N. W. Rep. 828), and cases cited; *Gage v. Gage,* 36 Id. 229; Jones, Mortg. § 539; *Jackson v. Cleveland,* 15 Mich. 94. Especially is the recording of a deed considered presumptively a delivery of it, as between grantor and grantee, when the object of the record, as in this case, is to defraud, hinder, or delay creditors. *Gage v. Gage,* 36 Mich. 229; *Moore v. Giles,* 49 Conn. 570.

In the case of *Stevens v. Castel, supra,* there was an evident intent, expressed at the time of recording, not to deliver the deed. In this case the action of William C. B. Sherwood after the mortgage was recorded is in support of the presumption of delivery afforded by the fact of record; and the defendant cannot now be heard to say that there was no consideration for this mortgage, because it was given to stave off or defraud creditors. Such a defense will not be permitted. *Jackson v. Cleveland,* 15 Mich. 94; *Gage v. Gage,* 36 Id. 229; *Hess v.*

*Final,* 32 Id. 515; *Gunderman v. Gunnison,* 39 Id. 313, 317; *Cool v. Snover,* 38 Id. 562, 565.

And as to the other mortgage of $2,000, it was given in the first place, and executed by the wife as well as the husband, to prevent the levy upon the premises of an execution already issued and out against the defendant. This mortgage, though not delivered, as found by the circuit judge, was recorded by somebody December 23, 1870. It remained on record until Warren Sherwood's death, in 1876, presumably with the knowledge of the defendant, and was found among Warren's papers at his death. The length of time it was on record, and the purpose for which it was executed, with the fact that it was in Warren's possession at the time of his death, is quite conclusive to my mind that the defendant either put it upon record himself or consented that Warren should record it. *Hess v. Final,* 32 Mich. 515.

Under all these facts and circumstances, what is the position that the parties occupy? The defendant, for the purposes of hindering or defrauding creditors, executed two mortgages to his brother, Warren A. Sherwood. One remains of record nine years; the other, six years and upwards. One he places on record himself, as he probably does the other. His brother dies in 1876. One mortgage is found in the register's office, the place of its deposit being pointed out by the defendant; the other is found among the papers of the deceased. These mortgages are held by the administrator of Warren until 1880, when they are foreclosed by advertisement, and bid in for the estate, December 24, 1880. Ten years in one case, and thirteen in the other, have passed, and yet the defendant makes no sign of dissent as to their validity. In September, 1881, after he has voluntarily parted with the legal title to these lands, he files his bill in chancery, attacking for the first time the liens of these mortgages,

which liens he himself placed upon the premises, and for the purpose of having them appear as valid and subsisting liens. In 1883, after proofs taken, and a full argument upon the merits of his claim, his bill is dismissed absolutely. After making a motion for a rehearing, which was denied in 1884, the defendant rests, and the decree stands. In 1885, by regular proceedings in the proper probate court, the lands were sold as the property of Warren A. Sherwood's estate to the plaintiff.

The plaintiff, attending the probate sale, finds these two mortgages regularly executed and recorded for the length of time above stated. He finds that the defendant in 1881 attacked their validity in chancery, and that, after a full investigation upon the merits, the court dismissed his bill absolutely, from which decree there has been no appeal. The opinion filed by the court was no part of the record, and the plaintiff might well understand that, by buying the premises at the probate sale, he was acquiring all the title that William C. B. Sherwood had at the date of both mortgages, and all the interest the wife had at the time of the execution of the second mortgage. The plaintiff pays $2,600 in cash, supposing, as he had a right to suppose, under the appearances, for which the defendant is responsible, that he was purchasing a good title to these lands. Under these circumstances, is not the defendant now estopped from coming into a court of law, and claiming that these mortgages were never delivered, and were without consideration, being executed between him and his brother to preserve the premises from the claims of defendant's creditors? It is plain to my mind that he is, and that, if any one must lose by the defendant's transactions with his brother, it must be himself, and not the plaintiff, who in good faith has parted with his money upon the appearances of the record title, which appearances have

been made by the acts and conduct of the defendant alone, as far as can be discovered from the facts before us in this case.

But as far as the homestead is concerned,—the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 2, township 11 north, of range 3 west,—the wife, under our decisions, should have been made a party. *Hodson v. Van Fossen*, 26 Mich. 68; *Cleaver v. Bigelow*, 61 Id. 47 (27 N. W. Rep. 851); *Davis Sewing Machine Co. v. Whitney*, Id. 518 (28 N. W. Rep. 674).

As to the other 80 acres, the judgment should be affirmed. Judgment for the homestead 40 for defendant, with costs of this Court to him; costs of lower court to plaintiff. The record will be remanded for further proceedings, if desired.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred with MORSE, J.

CAMPBELL, J., *(dissenting)*. Plaintiff brought ejectment as purchaser, under probate license, of the interest of the estate of Warren A. Sherwood, deceased, derived by statutory foreclosure, by the administrator, of two alleged mortgages made by defendant to decedent. The case comes up on findings of fact, showing defendant to have a good title unless bound by the foreclosures which make up all of plaintiff's title. The circuit court for Gratiot county gave judgment for plaintiff.

The findings are that defendant, whose wife did not join with him, made, February 13, 1867, to Warren Sherwood, a mortgage for $600 on 80 acres, including part of the premises demanded, and that William Reynolds, the administrator of Warren Sherwood, bid it in at a foreclosure sale, regular in form, on December 24, 1880. The court below finds this mortgage was made for the purpose of guarding against an unfounded lawsuit, and

was never delivered to Warren A. Sherwood during his life, but was obtained from the registry by an administrator, after his death. There is no finding that any debt existed under it, and no finding that Russell, the administrator, or any one else, ever held any debt or security covered by it, or that any condition required by statute existed which would authorize foreclosure. The finding negatives any such right. The other alleged mortgage was dated December 20, 1870, to secure a negotiable note of $2,000. The court finds that no consideration existed, and no money was due to Warren but $300, which was provided for in another way; that the $2,000 mortgage was never delivered, and it was understood it should not be delivered, and another arrangement was made to subserve the same purpose, which was not to secure anything to Warren, but to prevent adverse action by others. It is therefore positively found that there never existed any such mortgage as the $2,000 mortgage for any legal purpose, and that the smaller mortgage secured nothing, and constituted no legal incumbrance against the property.

If the case stopped here, there could be no plausible reason for suggesting that anything passed by foreclosure. A statutory foreclosure is an *ex parte* proceeding by the mortgagee, which can be of no force unless there is a valid mortgage and a valid power of sale, exercised upon some actual default. How. Stat. § 8498. The fact that the notices and sale are regular does not make the mortgage good. Its existence and validity are jurisdictional prerequisites, and a mortgage, like any other deed, requires that it be executed and delivered, and it is also necessary that some obligation shall exist in which default occurs. While indulgence may be shown to mere slips of form, involving no serious consequences, there can be no valid foreclosure without a valid mortgage, with an auth-

ority to sell on default. This doctrine is universally recognized, and is hardly disputed. There is nothing judicial in the proceedings. The mortgagee determines for himself whether, and when, he will foreclose, and he must show his right when disputed.

But it is claimed certain chancery proceedings appear in the record which operate as an estoppel, and which the court below, expressing doubt, concluded to so regard. In September, 1881, defendant, Sherwood, filed a bill against the administrator and certain alleged heirs of Warren A. Sherwood, setting up the invalidity of these proceedings, and asking to have them set aside. The administrator and part of the heirs answered, raising issues of fact, and, on information and belief, averring the validity of the mortgages and proceedings. The answer further relied on the ground that the bill did not show that complainant held the equitable title to the land, and did show that he did not hold any legal title, and that no such interest appeared in the bill as showed any right of suit. The further objection was made that it appeared from the bill that necessary parties were omitted. Replication was filed, and proofs taken. The bill was dismissed on the hearing. The decree contains no statement why it was dismissed, but an opinion filed in the case holds briefly that it was to be dismissed because complainant showed no title, legal or equitable.

Under our practice a claim of jurisdictional or substantial defects in a bill, if not made by demurrer, but inserted in the answer, comes up for disposal at the final hearing. In deciding suits in equity, it is not usual to go to the general merits, if there is such a radical defect in the bill as shows there is no occasion for it; and, when a bill is dismissed, and the answer sets up defects which should cause its dismissal, without reference to the facts in dispute, it cannot be presumed that the case went off

on the facts.   What presumption might exist if no such point was raised, and if no opinion was filed, we need not consider.   Neither need we consider what effect is to be given to an opinion, standing alone.   There is no rule of estoppel which will make a decree conclusive on any issue that the record does not indicate must or should have been passed upon.   The rule always applied by the United States Supreme Court in determining whether a state court has decided adversely on a right under the laws of the United States is not whether it might have been involved in the issues, but whether it appears to have been a ground of decision.   This is the only sensible and just rule, and it applies still more forcibly when an attempt is made to give the force of a conclusive finding to what may never have been considered at all.   There is no general rule that a decree in equity against a complainant bars his legal or other remedies.   In many cases a bill is dismissed because there is a legal remedy; and there are cases frequently arising where equity prefers to leave parties to their legal redress entirely.   This Court has passed upon the question of the conclusiveness of a decree on that principle.   *Adair v. Cummin,* 48 Mich. 375 (12 N. W. Rep. 495); *Blake v. Hubbard,* 45 Id. 1 (7 N. W. Rep. 204); *Goodrich v. White,* 39 Id. 489; *Bonker v. Charlesworth,* 33 Id. 81; *Gamble v. East Saginaw,* 43 Id. 367 (5 N. W. Rep. 416); *Peters v. Hansen,* 55 Id. 276 (21 N. W. Rep. 342); *Nims v. Vaughn,* 40 Id. 356; *Wheeler v. Hatheway,* 58 Id. 77 (24 N. W. Rep. 780).

We think the finding is in favor of the defendant, and judgment must be reversed, with costs of both courts, and judgment rendered in his favor, and the record remanded for such future action as may be lawful under the statutes.